# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN ELLIS MANCE, | ) | CASE NO. 5:22-cv-1791 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| GREAT WORKS EMPLOYMENT, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On October 5, 2022, *pro se* plaintiff Calvin Ellis Mance ("Mance") filed this civil rights action against defendant Great Works Employment ("Great Works").[1] On November 7, 2022, Mance filed an amended complaint (Doc. No. 3 (First Amended Complaint ["FAC"])), which is now his operative pleading.[2] For the following reasons, this action is dismissed.

## I. BACKGROUND

The one-page, single-spaced FAC does not set forth cogent allegations. Although it indicates Mance seeks to assert claims under the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA"), the pleading otherwise consists of a

---

[1] On the same date (October 5, 2022), Mance filed a separate action, raising the same allegations against a second business entity, Fannie May. (*See Mance v. May,* N.D. Ohio No. 5:22-cv-1782.) The pleadings in both actions are virtually identical. (*Compare* N.D. Ohio No. 5:22-cv-1791, Doc. Nos. 1, 3; *with* N.D. Ohio No. 5:22-cv-1782, Doc. Nos. 1, 4.) By separate order in this related case, the Court also dismisses the action against Fannie May on a screening under 28 U.S.C. § 1915(e)(2)(B).

[2] An amended complaint supersedes the original complaint and becomes the only "legally operative complaint." *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000); *see Othen v. Ann Arbor Sch. Bd.,* 699 F.2d 309, 311 (6th Cir. 1983).

series of unclear, disconnected, and conclusory statements and legal assertions. Among them, Mance states:

> Great Works has dismissed me because they belived [sic] I was an impaired individual because of how I smelled and not preformed [sic] my duties for them in violation [to] the Americans with Disabilities Act Title III.
>
> They have acted in contradiction to their written company policy put in place to protect their employees against ADA and GINA violations.
>
> I never needed any modifications under § 36.302 and yet they still regard me as prong [sic] of the definition of "disability" which does not require a showing of an impairment that substantially limits a major life activity or a record of such an impairment.
>
> They have stated that they belived [sic] that my physical and mental abilitys [sic] were compromised at the time of my dismissal and or termination because of the results of a faulty and expired BAC test that they were unclear of reading but still regarded me as having this impairment in their final determination to dismiss me and treat me unfair/requesting and requiring me to be tested to prove [its] accusations of such impairments.
>
> This employer has required and forced me to be tested biologically to prove or disaprove [sic] the exsistance [sic] of the accused impairment on a regular basis and any time of accusation or belief of such impairment.

(Doc. No. 3.) Mance also avers that a physical or mental impairment for purposes of the ADA includes drug addiction and alcoholism and that "alcoholism is, broadly, any drinking of alcohol that results in significant mental or physical health problems." (*Id.*)

With his original complaint, Mance filed a motion to proceed *in forma pauperis*. (Doc. No. 2 (Motion).) On February 16, 2023, the Court granted the motion. (Doc. No. 4 (Order).)

## II.  STANDARD OF REVIEW

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652

(1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to "conjure allegations" on their behalf or guess at the nature of their claims. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d. 591, 594 (6th Cir. 1989).

A federal district court is also expressly required, under to 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss any such action "at any time" the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted); 28 U.S.C. § 1915(e)(2)(B). In order to survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Upon review, the Court finds that Mance's FAC fails to allege factual content sufficient to state a plausible claim under federal law.

### A.  The Americans With Disabilities Act (ADA)

Title I[3] of the ADA, 42 U.S.C. § 12112(a), prohibits employers from discriminating against qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Where, as here, a plaintiff does not allege direct evidence of disability discrimination, he is required to establish a *prima facie* claim indirectly by showing that: (1) he was "disabled" under the ADA; (2) he was otherwise qualified to perform the essential functions of his job, with or without a reasonable accommodation; (3) he suffered an adverse employment action; (4) the employer knew or had reason to know of his disability; and (5) a nondisabled person replaced him or his position remained open. *See Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)); *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 449 (6th Cir. 1999).

Liberally construed, the FAC alleges that Mance was terminated from a job or position with Great Works on the basis of the disability of alcoholism because he tested positive for alcohol on one or more  blood alcohol  (or "BAC") tests administered to him, but the FAC does not contain

---

[3] The FAC actually cites Title III of the ADA. (*See* Doc. No. 3.) But Title III, which prohibits discrimination by places of public accommodation, has no application here. *See* 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.") Here, Mance does not allege any facts to suggest Great Works wrongfully denied him access to its goods, services, or facilities based on any actual or perceived disability, or that Great Works failed to make reasonable modifications to accommodate Mance's alleged disability. Such omissions are fatal to an ADA claim under Title III. *See, e.g., Powell v. Bartlett Med. Clinic & Wellness Ctr.*, No. 2:20-cv-2118, 2021 WL 243194, at *8 (S.D. Ohio Jan. 25, 2021). Applying a liberal interpretation to the FAC, the Court finds Mance intended to raise an employment-related claim under Title I of the ADA. Nevertheless, to the extent that Mance intended to raise a Title III claim, any such clam is subject to dismissal.

4

allegations demonstrating all required elements of a *prima facie* claim.

First, to the extent that Mance has alleged he suffers from alcoholism, he cannot establish a *prima facie* case because he has failed to allege facts that, if believed, would support a finding that his alcoholism limits a major life activity. *See, e.g., Martin v. Barnsville Exempted Vill. Sch. Dist. Bd. of Educ.*, 35 F. Supp. 2d 1038, 1041–42 (S.D. Ohio 1999) (ADA claims failed, despite allegation employer "made adverse employment decisions . . . because [the employer] perceived [the plaintiff] as having a drinking problem," because plaintiff "did not allege in his complaint . . . that he is *substantially limited in a major life activity*, or that [the employer] regarded him as having an impairment that substantially limits a major life activity" (emphasis in original)).

Second, even assuming the FAC sufficiently alleges that Mance suffers from the disability of alcoholism as recognized under the ADA, Mance does not allege cogent facts permitting a plausible inference that Great Works actually knew, or had reason to know, that he was suffering from a qualifying disability. Mance does not allege facts plausibly suggesting that he was actually diagnosed with the disability of alcoholism, or that he communicated such a diagnosis or condition to the defendant in any way. He merely alleges, in vague and conclusory terms, that Great Works regarded him as "impaired" because he smelled of alcohol and his performance was compromised. This is insufficient to demonstrate the fourth element of a *prima facie* claim. *See also Brown v. BKW Drywall Supply, Inc.*, 305 F. Supp. 2d 814, 829 (S.D. Ohio 2004) ("Knowing that an employee has health problems . . . is not the same as knowing that the employee suffers from a disability.")

Third, Mance does not allege discernible facts as to the job or position he had with the defendant and from which he was terminated, or facts from which a reasonable inference can be

drawn that, despite testing positive for alcohol, he could perform the essential functions of that job or position with or without a reasonable accommodation. An "employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation." *See Gantt v. Wilson Sporting Goods Co*., 143 F.3d 1042, 1046–47 (6th Cir. 1998). Finally, he has not alleged any facts that would establish that he was replaced by someone outside the protected class, or that he was treated differently than similarly situated non-disabled individuals.

Accordingly, even accepting that plaintiff suffers from the disability of alcoholism as recognized under the ADA, his unclear and conclusory assertions in his complaint fail to demonstrate all of the required elements of a *prima facie* ADA claim. *See, e.g., Hammon*, 165 F.3d at 450 (holding that a plaintiff failed to establish a *prima facie* ADA claim where he failed to show that he was disabled within the meaning of the ADA; failed to establish that his employer knew or should have known about his disability; and failed to establish that he was qualified for his position with or without accommodation).[4]

The FAC also fails to state a claim under the ADA that Great Works perceived him as being disabled. In addition to having an actual disability that is recognized under the ADA, an individual may be considered disabled under the ADA if he is regarded as having such a qualifying

---

[4] Even where a plaintiff has demonstrated a *prima facie* case, the ADA does not restrict the prerogative of an employer to terminate an employee for alcohol use. *See Martin v. Barnesville Exempted Vill. Sch. Dist. Bd. of Educ*., 209 F.3d 931, 934–35 (6th Cir. 2000). The Sixth Circuit has made clear that the ADA allows an employer to hold an alcoholic employee to the same performance and behavior standards to which it holds other employees "even if any unsatisfactory performance is related to the alcoholism of such employee." *Id*. (quoting 42 U.S.C. § 12112(c)(4)); *see also* 42 U.S.C. § 12114(a) (expressly carving out of ADA's definition of "qualified individual with a disability" "any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use"). Mance's own allegations indicate that his alcoholism affected his ability to perform his employment duties. (*See* Doc. No. 3.)

impairment. *Talley v. Family Dollar Stores of Ohio, Inc*., 542 F.3d 1099, 1105 (6th Cir. 2008) (citations omitted); *see* 42 U.S.C. § 12102(1)(C). To the extent that Mance believes he was discharged because he was regarded as having the disability of alcoholism, the FAC fails to set forth facts sufficient to state such a claim.

At best, Mance alleges that Great Works believed he was intoxicated at work because he smelled of alcohol and his work performance was suffering, and that it required him to take a blood alcohol test "to prove [its] accusations of such impairments." (*See* Doc. No. 3.) But an "employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled." *Pena v. City of Flushing*, 651 F. App'x 415, 420 (6th Cir. 2016) (citing *Sullivan v. River Valley Sch. Dist*., 197 F.3d 804 (6th Cir. 1999)); *see also Neely v. Benchmark Family Servs.*, 640 F. App'x 429, 436 (6th Cir. 2016) ("it is not enough that the employer is simply aware of the plaintiff's symptoms, rather the plaintiff must show that the employer regarded the individual as 'impaired' within the meaning of the ADA" (citation omitted)).

That Great Works followed up its concerns by requiring Mance to submit to one or more blood alcohol tests does not bring Mance any closer to demonstrating that Great Works perceived him as being disabled under the ADA. As the Sixth Circuit has observed, "[a] request that an employee obtain a medical exam may signal that an employee's job performance is suffering, but that cannot itself prove perception of a disability because it does not prove that the employer perceives the employee to have an impairment that substantially limits one or more of the

employee's major life activities." *Sullivan River Sch. Dist.*, 197 F.3d at 811;[5] *see Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 494 (6th Cir. 2017) ("Asking [the employee] to undergo a psychological evaluation is not enough to suggest that Home Depot regarded [the employee] as mentally disabled.")

The Court, therefore, finds that the fact that Great Works asked Mance to take a blood alcohol test, after noticing that his performance was suffering, does not demonstrate that Great Works perceived him as being disabled under the ADA. *See, e.g., Khatri v. Ohio St. Univ.*, No. 5:18-cv-2962, 2020 WL 534023, at *12 (N.D. Ohio Jan. 17, 2020) (dismissing "perceived as" disability claim premised on employer's ordering a fitness for duty examination), *report and recommendation adopted*, 2020 WL 5333040 (N.D. Ohio Feb. 3, 2020)); *Morris v. Mary Rutan Hosp.*, No. 2:18-cv-543, 2019 WL 1282284, at *3–4 (S.D. Ohio Mar. 19, 2019) (employer's request that employee submit to a medical examination was insufficient to set forth an ADA "perceived as" disability claim). And because he alleges no other facts to support his claim that he was "perceived as" disabled, Mance cannot maintain an ADA claim on this theory, either.

**B.  The Genetic Information Nondiscrimination Act ("GINA")**

The FAC likewise fails to allege a plausible claim under GINA, which prohibits an employer from discharging or otherwise discriminating against an employee "because of genetic information with respect to the employee." 42 U.S.C. § 2000ff–1(a). "Genetic information" is defined as information about: (1) the individual's genetic tests; (2) the genetic tests of family members of the individual; or (3) the manifestation of a disease or disorder in family members of

---

[5] In *Sullivan*, the court explained that "[g]iven that an employer needs to be able to determine the cause of an employee's aberrant behavior, [the request to submit to a medical test] is not enough to suggest that the employee is regarded as" disabled. *Sullivan*, 197 F.3d at 810.

the individual. 42 U.S.C. § 2000ff(4).

Mance has not alleged facts that demonstrate Great Works terminated him because of "genetic information." He alleges he was terminated on the basis of one or more positive blood alcohol tests, but EEOC implementing regulations make clear that "[a] test for the presence of alcohol or illegal drugs is not a genetic test" under GINA. 29 C.F.R. § 1635.3(f)(4)(i); *see Lewis v. Gov't of the Dist. of Columbia*, 161 F. Supp. 3d 15, 33 (D.D.C. 2015). Accordingly, Mance cannot state a claim for relief under GINA.

## IV. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). All pending motions are terminated as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 20, 2023

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**